United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RITA ELIZABETH WHITE,

Plaintiff,

v.

CAROLYN COLVIN,

Defendant.

Case No. 14-cv-04441-VC

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Doc. No. 17, 18

Rita White has sued to challenge the decision by the administrative law judge (ALJ) that she is not disabled. The Commissioner's motion for summary judgment is granted, and White's motion is denied.

Substantial evidence supported the ALJ's adverse credibility determination with respect to White. Specifically, the medical records support the ALJ's conclusion that White has repeatedly exaggerated her symptoms to get narcotics and that she was similarly exaggerating her symptoms at the hearing. For example, as the ALJ explained, White visited the emergency rooms at Sutter Solano Medical Center and Tuoro University Medical Center frequently, sometimes on back-to-back days, complaining of abdominal pain and seeking Dilaudid, despite receiving regular refills of her Dilaudid prescription from her primary care physician. Although White complained of serious abdominal pain, the doctors did not find anything abnormal. One doctor even wrote, "[i]t is unclear to me what this patient's symptoms really comprise at this point." That doctor offered a narrative which reflected a suspicion that White was faking her symptoms at the emergency room visit. The ALJ also observed that White's daily activities (personal care, fixing meals, doing laundry, light housekeeping, driving a car, grocery shopping and visiting family members) were inconsistent with her alleged symptoms, that she repeatedly failed to follow up on a pain management referral made by her treating physician, and that she wasn't forthcoming with her doctors about her methamphetamine use, compromising her medical care and treatment.

Because the ALJ's conclusion that White's testimony wasn't credible was supported by substantial evidence, the ALJ did not err by discrediting the testimony of her family and friends, which was based in large part on White's subjective complaints. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ also observed, in assessing White's credibility, that: (1) despite her allegedly severe symptoms and extensive testing and procedures, doctors have treated her conservatively and have not suggested more aggressive treatment, such as surgery; and (2) White had continued to use medical marijuana on a regular basis despite a possible link between cannabis use and the cyclic vomiting of which she complained. The ALJ may have erred on these points. For example, nothing in the record indicates that White's condition, if it were as severe as she alleged, could be treated with surgery or other more aggressive care, so it makes little sense to hold against her the decision by the doctors to treat her conservatively. But any such error or overzealousness by the ALJ was harmless because there is substantial evidence to support the ALJ's basic conclusion that White was exaggerating her symptoms. *See Molina*, 674 F.3d at 1115 (In the context of discrediting a claimant's testimony, "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." (internal quotation omitted)).

The ALJ also gave clear and convincing reasons supported by substantial evidence for rejecting the opinion of one of White's treating physicians, Dr. Yasmin Nibbe. The ALJ found Dr. Nibbe's opinion "inconsistent with his own contemporaneous medical records," which is an appropriate reason to disregard it. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (A discrepancy between a doctor's opinion and her records is a clear and convincing reason to not rely on the opinion.). For example, Dr. Nibbe's assessment from November 29, 2011 states that White suffers from depression, anxiety, stress, and maybe Somatoform Disorder. But on the same day, Dr. Nibbe noted in his clinical records that White had appropriate mood and affect, and he did not note any psychiatric concerns. Dr. Nibbe's records also indicate minimal clinical findings, other than White experiencing tenderness during one physical exam, that would support his

assessment of her physical condition. Most significantly, the ALJ noted that Dr. Nibbe's opinion was largely based on White's subjective complaints, which, as discussed above, were not credible and were not otherwise supported by the medical records. *See id.* at 1217 (An ALJ can disregard the opinion where it is based on the patient's subjective complaints, rather than objective medical data.).

Furthermore, the ALJ reasonably concluded, consistent with the opinions provided by Dr. Kiefer and Dr. Lochner, that White's depression was not a severe impairment. The ALJ considered Dr. Kiefer's opinion on White's mental functioning, namely that she had a global assessment of functioning (GAF) of 60, "fair" abilities in all areas of mental functioning (except understanding and remembering detailed and complex instructions), and a fair likelihood of improving within the next 12 months with mental health treatment.

In light of the above, the ALJ's finding that White had the residual functional capacity to perform light work, with the possibility of missing work up to one day per month, rather than the more severe limitations White alleged, was supported by substantial evidence.

Finally, the hypothetical question posed to the vocational expert was proper because it included all the limitations that the ALJ found credible and supported by substantial evidence. *See Bayliss*, 427 F.3d at 1217. White contends that the hypothetical question was deficient because it failed to include her depression and the frequency of her vomiting episodes. But the ALJ found that her depression was not severe and did not create any significant work-related limitations, so this limitation was appropriately excluded from the hypothetical. And the ALJ's conclusion that White wouldn't miss more than one day of work per month due to her cyclic vomiting was also supported by substantial evidence, so it was appropriate to exclude anything more about that aspect of White's condition from the hypothetical.

**IT IS SO ORDERED.**

Dated: June 26, 2015

_____
VINCE CHHABRIA
United States District Judge

3